**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-6019**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

HENRY EARL MILLER,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (6:04-cr-00022-HFF-3)

———————

Submitted:  February 28, 2008          Decided: March 10, 2008

———————

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Henry Earl Miller, Appellant Pro Se.  Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Earl Miller seeks to appeal the 2005 sentence imposed after his guilty plea to bank robbery and firearms charges. In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court's judgment imposing Miller's sentence was entered on July 8, 2005. The notice of appeal was dated December 10, 2007, and filed December 13, 2007.[*] Because Miller failed to file a timely notice of appeal or to obtain an extension of the appeal period, any appeal from his sentence is untimely.

In a filing in this court, Miller asserts that he intended the notice of appeal to apply to a district court order entered on September 10, 2007, which denied Miller's motion for reconsideration and modification of his sentence. Although the notice of appeal refers solely to Miller's 2005 criminal sentence, we observe that the notice, filed ninety-one days after the

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

September 10, 2007, order, would be untimely from that order, as well.  See Fed. R. App. P. 4(a).

We deny Miller's motion for immediate release pending appeal and his motion to expedite his appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED